J-S35009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY SWATSKY, | |
| Appellant | No. 1834 MDA 2017 |

Appeal from the Judgment of Sentence November 13, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0002231-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 27, 2018**

Appellant, Gregory Swatsky, appeals from the judgment of sentence of 72 hours' to 6 months' incarceration, imposed after he was convicted of driving under the influence of a controlled substance (DUI) pursuant to 75 Pa.C.S. §3802(d)(2).  Appellant solely argues that the trial court erred by denying his motion to suppress the results of a blood test because his consent to that test was involuntary.  We affirm.

Briefly, Appellant was charged with DUI after he was stopped by a police officer for driving erratically, admitted to the officer that he had taken certain controlled substances, failed several field sobriety tests, and then consented to a blood draw that ultimately confirmed the presence of drugs in his system. Prior to trial, Appellant filed a motion to suppress the results of the blood test, contending that his consent to that test was coerced and invalid under

***Birchfield v. North Dakota***, 136 S.Ct. 2160, 2186 (2016) (holding "that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense"). The trial court denied Appellant's motion to suppress and his case proceeded to a non-jury trial. At the close thereof, the court convicted him of DUI. On November 13, 2017, Appellant was sentenced to the term of imprisonment stated *supra*.

Appellant filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 3, 2018, the trial court filed a Rule 1925(a) opinion. Therein, the court addressed the following, single issue that Appellant presents for our review: "Did the [t]rial [c]ourt err in denying Appellant's [m]otion to [s]uppress because[,] based on the totality of the circumstances, Appellant did not consent to the blood draw[?]" Appellant's Brief at 1.

We begin by noting that,

[a]n appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Reese*, 31 A.3d 708, 721 (Pa. Super. 2011) (citations omitted).

Additionally, a trial court's error in denying a suppression motion will not require reversal if the Commonwealth can establish beyond a reasonable doubt that the error was harmless. *See Commonwealth v. Baez,* 720 A.2d 711, 720 (Pa. 1998). "An error is harmless if it could not have contributed to the verdict. In other words, an error cannot be harmless if there is a reasonable possibility the error might have contributed to the conviction." *Commonwealth v. Cooley*, 118 A.3d 370, 380 (Pa. 2015).

Here, we have reviewed the briefs of the parties, the certified record, and the applicable case law. We have also considered the well-reasoned opinion authored by the Honorable Jacqueline L. Russell of the Court of Common Pleas of Schuylkill County. Judge Russell concludes that, even if it was improper to deny Appellant's motion to suppress the results of his blood test, the admission of that cumulative evidence of Appellant's intoxication was harmless error. The Commonwealth presents this same argument on appeal, relying on Judge Russell's rationale. *See* Commonwealth's Brief at 5. We agree with the Commonwealth and Judge Russell that any error in admitting the results of Appellant's blood test would be harmless; therefore, we need not access whether his consent to that test was coerced. We adopt Judge Russell's opinion as our own, and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/27/2018</u>

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : No. 2231-15

vs.

GREGORY SWATSKY,
          Defendant

District Attorney's Office - for the Commonwealth
Kent D. Watkins, Esquire, Public Defender's Office - for Defendant

**SUPPLEMENTAL OPINION AND ORDER OF COURT
PURSUANT TO Pa.R.A.P. 1925**

RUSSELL, J.

Defendant/Appellant Gregory Swatsky filed an appeal from this court's judgment of sentence of November 13, 2017. Defendant was found guilty following a non-jury trial of driving under the influence of drugs (75 Pa.C.S. 3802(d)(2) ) and driving on sidewalks (75 Pa.C.S. 3703(a) ). Defendant was sentenced, inter alia, to serve 72 hours to 6 months in prison on the driving under the influence offense.

Defendant's statement of complaints on appeal consists of one issue; namely, he claims that the suppression court erred in failing to suppress the results of a blood test in violation of _Birchfield v. North Dakota_, _US_, 136 S.Ct. 2160 (2016). The suppression determination was made by The Honorable Cyrus Palmer Dolbin of this court who issued a 1925 opinion on December 28, 2017. This member of the court held the trial and writes separately to address the impact of the evidence that was the subject of the suppression ruling on the verdict of the court.

1

At trial, Officer William Moyer of the Shenandoah Police Department testified that he stopped a vehicle driven by Defendant on September 20, 2015 at about 2:40 a.m. in the Borough after he saw it make a right turn at an intersection, drive onto the sidewalk and then drive off the sidewalk and continue to travel about a block and a half in the wrong lane of the roadway.

Trooper Michael O'Neill of the Pennsylvania State Police had been a Shenandoah police officer at the time of the stop and had been assisting Officer Moyer. Trooper O'Neill had extensive experience with impaired drivers and testified about his observations of Defendant that early morning.

When asked for his driver's license, Defendant handed the trooper his AARP card. The trooper observed indicators of drug use in Defendant, including a dry mouth, constricted pupils and eyelid tremors. Defendant was asked if he had taken any drugs that day. Defendant stated that he had taken more Ativan than had been recommended because he was stressed and that he had taken Suboxone. Both Ativan and Suboxone are controlled substances. Defendant agreed to take field sobriety tests and failed all of them - being the walk-and-turn, one-leg stand and finger-to-nose tests.

Defendant was then asked if he would agree to take a blood test and he agreed to do so. As a result, Trooper O'Neill took Defendant to the hospital where the PennDOT DL-26 form was first read to Defendant. Defendant consented again to the blood draw. Trooper O'Neill requested that the hospital test only for drugs as he did not suspect that alcohol use had been involved. Trooper O'Neill opined that Defendant had not been capable of driving safely.

2

The laboratory which tested Defendant's blood reported a positive result for Lorazepam which is a benzodiazepine and includes the brand name Ativan, which is an "impairing substance" that affects the ability to drive safely. According to Dr. Edward Barbieri of MNS Labs, an expert in forensic science, Defendant's having taken more Ativan than normally - as Defendant had stated to Trooper O'Neill - would result in an "acute effect" upon Defendant. In other words, the sedative effect upon Defendant would have impaired his driving.

As observed by this member of the court at the end of trial after rendering its verdict, more than sufficient evidence of Defendant's guilt existed whether or not the results of the blood test had been admitted into evidence. Consequently, assuming for the sake of argument that the results of the test had never been admitted or are deemed to have been improperly admitted, the other evidence was, nevertheless, more than sufficient to prove Defendant's guilt beyond a reasonable doubt, thereby resulting in any possible erroneous admission of the blood test results harmless to Defendant. See, *Commonwealth v. Petroll*, 738 A.2d 993 (Pa. 1999) (harmless error where improperly admitted evidence did not prejudice Defendant, was cumulative of properly admitted evidence, or, contradicted overwhelming evidence of guilt.)

As noted, Defendant was observed driving erratically on the sidewalk and then in the wrong lane of travel for well over a block in the Borough of Shenandoah. After being stopped, he exhibited numerous physical signs of being under the influence of drugs. He failed all field sobriety tests after having admitted that he took more Ativan than recommended. Ativan, a controlled substance, impairs driving, particularly when

3

taken above the recommended dosage.  Consequently, it is believed that whether or not the suppression ruling is upheld, Defendant's judgment of sentence should be affirmed.